UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **HAROLD MARKS,** | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | **Case Numbers:** |
| vs. | ) | **2:16-cv-8078-CLS** |
| | ) | **2:06-cr-250-CLS-SGC** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This action is before the court on the motion filed by Harold Marks to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. §2255.[1] Upon consideration of the motion, Marks's supplemental brief,[2] the government's response,[3] and Marks's supplemental reply,[4] this court concludes that Marks's motion is due to be denied.

Marks was sentenced by this court on February 26, 2007, to imprisonment for a term of 180 months (fifteen years) following his conviction on one count of

---

[1] *See* doc. no. 1 in case no. 2:16-cv-8078-CLS.

[2] Doc. no. 10 in case no. 2:16-cv-8078-CLS (Supplemental Brief in Support of Initial 28 U.S.C. § 2255 Motion).

[3] Doc. no. 11 in case no. 2:16-cv-8078-CLS (Response to Marks's § 2255 Motion).

[4] Doc. no. 12 in case no. 2:16-cv-8078-CLS (Supplemental Reply to Government's Opposition to 28 U.S.C. § 2255 Motion).

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[5] A violation of that statute generally is punishable by a maximum sentence of ten years imprisonment. *See* 18 U.S.C. § 924(a)(2). Here, however, Marks's sentence was enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), which provides, in pertinent part, that:

> In the case of a person who violates section 922(g) of this title and has *three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony* or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned *not less than fifteen years*, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1) (emphasis supplied). Marks did not appeal his conviction or sentence.

At the time of Marks's sentencing, the ACCA defined the term "violent felony" as follows:

> "any crime punishable by imprisonment for a term exceeding one year . . . that —
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

---

[5] *See* doc. no. 27 in case no. 1:07-cr-287-CLS-SGC (Judgment in a Criminal Case (For Offenses Committed On or After November 1, 1987)).

> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

*Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 2555-56 (2015) (quoting 18 U.S.C. § 924(e)(2)(B)) (emphasis in *Johnson*). Subdivision (i) is commonly referred to as the "elements clause," and the first part of subdivision (ii) is referred to as the "enumerated offenses clause." The italicized language in subdivision (ii) is referred to as the "residual clause" of the statute, and it was struck down by the Supreme Court's 2015 *Johnson* decision as being unconstitutionally vague. *See id.* at 2557, 2563.[6]

The enhancement of Marks's federal sentence was based upon his previous convictions in the State of Alabama for attempted murder, second-degree assault, third-degree robbery, and two counts of third-degree burglary. He does not challenge the sentencing court's reliance upon the attempted murder and assault convictions to enhance the sentence, but he asserts that the robbery and burglary convictions were not proper enhancers because they could only have been considered under the residual clause of the ACCA, which is no longer valid after *Johnson*.

The Eleventh Circuit recently clarified the appropriate framework for determining whether a sentence was enhanced under the now-invalid residual clause:

---

[6] The Supreme Court declared its holding in *Johnson* retroactive to cases on collateral review in *Welch v. United States*, – U.S. – , 136 S. Ct. 1257, 1265 (2016).

3

To prove a *Johnson* claim, a movant must establish that his sentence enhancement "turn[ed] on the validity of the residual clause." In other words, he must show that the clause actually adversely affected the sentence he received. *In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016). Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a *Johnson* violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by *Johnson*) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

Critical to our decision on the merits issue in this case is the burden of proof and persuasion. The Government contends that a § 2255 movant bears the burden of proving that his sentencing enhancement was imposed because the sentencing court used the residual clause. Beeman argues that if it is merely possible that the court relied on that clause to enhance the sentence, then he has met his burden. We conclude, and hold, that, like any other § 2255 movant, a *Johnson* § 2255 claimant must prove his claim. To prove a *Johnson* claim, the movant must show that — more likely than not — it was use of the residual clause that led to the sentencing court's enhancement of his sentence. If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause.

*Beeman v. United States,* 871 F.3d 1215, 1221-22 (11th Cir. 2017) (footnotes omitted, alteration in original).

The Eleventh Circuit provided some examples of evidence from the sentencing record that might indicate whether the district court relied on the residual clause:

4

> Some sentencing records may contain direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential to application of the ACCA in that case. Nor do we mean to suggest that there will not sometimes be sufficient circumstantial evidence to show the specific basis of the enhancement. For example, there could be statements in the PSR, which were not objected to, recommending that the enumerated clause and the elements clause did not apply to the prior conviction in question and did not apply to other prior convictions that could have served to justify application of the ACCA. Or the sentencing record may contain concessions by the prosecutor that those two other clauses do not apply to the conviction in question or others. And there could be other circumstances on which a movant can rely; the above are but a few examples. Each case must be judged on its own facts.

*Beeman*, 871 F.3d at 1224 n.4.

Here, Marks and the United States agree that there is nothing in the record of the sentencing proceedings to indicate the clause under which Marks's prior robbery and burglary convictions qualified for ACCA enhancement.[7] Instead, Marks argues that the state of the law at the time of his sentencing makes it clear that his sentence could only have been enhanced pursuant to the residual clause. *See id.* at 1224 n.5. ("[I]f the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony, that circumstance

---

[7] *See* doc. no. 10 in case no. 2:16-cv-8078-CLS (Supplemental Brief in Support of Initial 28 U.S.C. § 2255 Motion), at 1-2 ("The PSR identified each of these convictions as violent felonies, but it did not specify under which clause of the ACCA they qualified. . . . Moreover, Mr. Marks did not challenge the ACCA enhancement at sentencing, and the sentencing court did not address under which clause these offenses qualified as violent felonies."); doc. no. 11 in case no. 2:16-cv-8078-CLS (Response to Marks's § 2255 Motion), at 2 ("[Marks] acknowledges that nothing in the record indicates that this Court relied on the residual clause at all in imposing sentencing.") (alteration supplied).

5

would strongly point to a sentencing per the residual clause.") (alteration supplied). Unfortunately for Marks, the Eleventh Circuit took the teeth out of that argument in March of this year, when it held that an Alabama robbery conviction "qualifies as a predicate offense under the elements clause [of the ACCA] because it requires force with the intent to overcome physical resistance." *In re Welch*, 884 F.3d 1319, 1324 (11th Cir. 2018) (alteration supplied); *see also* Ala. Code § 13A-8-41(a) ("A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he: (1) Is armed with a deadly weapon or dangerous instrument; or (2) Causes serious physical injury to another."); Ala. Code § 13A-8-43(a) ("A person commits the crime of robbery in the third degree if in the course of committing a theft he: (1) *Uses force* against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or (2) *Threatens the imminent use of force* against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.") (emphasis supplied).

Marks responds that *Welch* was incorrectly decided, and that its relevance might be short-lived because the Supreme Court recently granted a writ of *certiorari* in a case involving a similar Florida statute. *See Stokeling v. United States,* 138 S. Ct. 1438 (2018). This court declines Marks's invitation to contravene the Eleventh

6

Circuit's decision, or to speculate about what might become of it after the Supreme Court decides the *Stokeling* case.

Marks also asserts that the *Welch* decision does not dictate the outcome in this case, because that decision represents only the *current* state of the law, not the state of the law in 2007, when Marks was sentenced. It is true that the relevant question is one of "historical fact: was [Marks] *in* [*2007*] sentenced solely per the residual clause?" *Beeman*, 871 F.3d at 1224 n.5 (alterations and emphasis supplied). But even the state of the applicable law in 2007 did not clearly indicate that an Alabama robbery conviction could only be considered for enhancement under the residual clause of the ACCA.

Marks cites cases in which courts held that *other offenses* did not involve sufficient force to be considered for enhancement under the elements clause of the ACCA *and other statutes*. *See Leocal v. Ashcroft*, 543 U.S. 1, 8-9 (2004) (holding that the Florida crime of driving under the influence did not constitute a "crime of violence" under § 16 of the Comprehensive Crime Control Act of 1984 ("CCCA"), because it required the "use of force," which implied more than negligent conduct); *Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003) (holding that the "use of force" required for a "crime of violence" under the CCCA must be "violent in nature — the sort that is intended to cause bodily injury, or at a minimum likely to do so"); *United*

7

*States v. Mathis*, 963 F.2d 399, 408-09 (D.C. Cir. 1992) (holding that robbery by "stealthy seizure" in the District of Columbia did not qualify as a violent felony under the elements clause because it did not involve the requisite use of force).[8] But none of those cases involved an Alabama robbery charge, and the general principles those cases announced certainly do not make clear that Alabama robbery could only have qualified as an enhancing offense under the residual clause in 2007. As the United States points out, there were other cases that tended to support the opposite outcome — *i.e.,* that robbery did involve sufficient use of force to qualify as an enhancing offense under the elements clause. *See United States v. Gonzalez-Lopez*, 911 F.2d 542, 548 (11th Cir. 1990) (holding that Florida robbery could be considered a crime of violence for purposes of enhancement under the Sentencing Guidelines because it involved "the *use of force*, violence, assault, or putting in fear") (emphasis supplied); *United States v Wright*, 957 F.2d 520, 521 (8th Cir. 1992) ("Because use

---

[8] Marks also cites the Fifth Circuit's decision in *United States v. Gonzalez-Chavez*, 432 F.3d 334 (5th Cir. 2005), which concerned whether a previous conviction for aggravated battery under Florida law could serve as an enhancing offense under the Sentencing Guidelines for a previous "crime of violence." But the Fifth Circuit did not actually decide whether the enhancement was appropriate, because it was not clear from the record which portion of the multi-part aggravated battery statute Gonzalez-Chavez had been previously sentenced under. *Id.* at 338. The only portion of the decision that is relevant to the current controversy is the Fifth Circuit's observation in a footnote that, *if* Gonzalez-Chavez had been sentenced under subsection 1(b) of the aggravated battery statute, that would not be a "crime of violence," because "battery of a pregnant woman can be committed without the use, attempted use, or threatened use of force, for example, it can be committed by spitting on a pregnant woman." *Id.* at 338 n.6. That holding has little, if any, bearing on the current controversy.

8

or threatened use of force is an element of [federal] robbery, a person convicted of robbery has been convicted of a crime of violence.") (alteration supplied).

The best that can be said is that it was unclear at the time of Marks's 2007 sentencing whether his prior conviction for Alabama robbery would have been considered under the elements clause of the ACCA, the residual clause, or possibly both. Marks has thus failed to satisfy his burden under *Johnson* of proving that, more likely than not, the sentencing court relied upon the residual clause to enhance his sentence. *See Beeman*, 871 F.3d at 1225 (citations omitted) ("Where, as here, the evidence does not clearly explain what happened . . . the party with the burden loses.")

Because Marks had three prior convictions that qualified for enhancement as violent felonies under the elements clause (*i.e.,* attempted murder, second-degree assault, and third-degree robbery under Alabama law), his sentence was properly enhanced under the ACCA,[9] and his § 2255 motion is due to be denied. An appropriate order will be entered contemporaneously herewith.

---

[9] Because three other prior convictions support the enhancement of Marks's sentence, it is not necessary to consider whether the prior burglary convictions qualified for enhancement under the elements clause or the residual clause.

DONE this 15th day of November, 2018.

‎_____
United States District Judge